Submitted November 25, 2008, convictions for first-degree robbery and third-degree robbery reversed and remanded for merger; case remanded for resentencing; otherwise affirmed January 7, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESUS PRISCILI CAMACHO-ALVAREZ,
*Defendant-Appellant.*

Washington County Circuit Court
C062071CR; A134796

200 P3d 613

Andrew S. Chilton and Chilton, Ebbett & Galli, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Samuel A. Kubernick, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of, among other crimes, first-degree robbery, ORS 164.415, and third-degree robbery, ORS 164.395, after a nonunanimous jury returned guilty verdicts. On appeal, he argues that the court erred in failing to merge the two robbery convictions into a single first-degree robbery conviction. He also assigns error to the court's instruction to the jury that it could return a less than unanimous guilty verdict. Neither claim of error was preserved below.

We reject the contention that the Sixth and Fourteenth Amendments to the United States Constitution require jury unanimity. The United States Supreme Court rejected that argument in *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), and we have recently rejected an argument that *Apodaca* has been tacitly overruled. *State v. Bowen*, 215 Or App 199, 202, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008). We adhere to that decision.

The state concedes that the court erred in failing, on its own, to merge the two robbery offenses into one conviction for first-degree robbery, and that, in the past, we have held that "failure to merge" errors are apparent on the face of the record and have chosen to exercise our discretion to review and correct those errors under ORAP 5.45. *E.g.*, *State v. Wilkins*, 175 Or App 569, 585-87, 29 P3d 1144, *rev den*, 333 Or 74 (2001). We agree that the court erred. Third-degree robbery is a lesser-included offense of first-degree robbery because the elements of the former are necessarily included in the latter; a person commits first-degree robbery when the person commits third-degree robbery and also is either armed with a deadly weapon, uses or attempts to use a deadly weapon, or causes or attempts to cause serious physical injury to any person. ORS 164.415.

We recognize that the error is apparent on the face of the record. Factors relevant to whether an appellate court properly should exercise its discretion to correct plain error include the nature of the case, the competing interests of the

parties, the gravity of the error, and the ends of justice in the particular case. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). As pertinent to sentencing issues, we also consider whether the defendant encouraged the trial court's imposition of the erroneous sentences, the possibility that the defendant made a strategic choice not to object to the sentences, the role of other sentences in the case, and the interests of the judicial system in avoiding unnecessary repetitive sentencing proceedings. *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007). Here, we choose to exercise our discretion to review and correct the error for four reasons. First, the state has no interest in our refusal to do so; it agrees that the court should remand the case for entry of a judgment merging the first- and third-degree robbery offenses into a single conviction for first-degree robbery and for resentencing. Second, we perceive no rationale under which defendant's counsel might have decided not to raise the claim of error for strategic or tactical purposes. Third, the burden on the judicial system in amending its judgment and resentencing defendant is minimal. Fourth, the ends of justice are served by convicting and sentencing defendant according to the law.

Convictions for first-degree robbery and third-degree robbery reversed and remanded for merger; case remanded for resentencing; otherwise affirmed.