Submitted May 28, convictions for second-degree robbery on Counts 4 through 7 reversed and remanded with instructions to merge convictions on Counts 4 and 6 into a single conviction for second-degree robbery and to merge convictions on Counts 5 and 7 into single conviction for second-degree robbery; case remanded for resentencing; otherwise affirmed July 29, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARRIE LYNN BEHEN,
*Defendant-Appellant.*

Washington County Circuit Court
C070732CR; A136482

213 P3d 857

Peter Gartlan, Chief Defender, and Susan F. Drake, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

■ Defendant appeals a judgment of conviction for five counts of second-degree robbery. She argues that the trial court committed plain error in failing to merge four of those convictions into two convictions. We agree that the court plainly erred and exercise our discretion to correct that error. Accordingly, we reverse and remand with instructions to merge the convictions and for resentencing, but otherwise affirm.

The relevant facts are undisputed. Defendant was the getaway driver for two people who robbed a gas station. There were two victims of the robbery. In carrying out the robbery, the robbers pretended that they were armed.

For her part in those events, defendant was convicted of five counts of robbery in the second degree, four of which are the subject of her arguments on appeal (Counts 4 through 7). ORS 164.405 defines the crime of second-degree robbery and provides, in part:

"(1)   A person commits the crime of robbery in the second degree if the person violates [the third-degree robbery statute] and the person:

"(a)   Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or

"(b)   Is aided by another person actually present."

Counts 4 and 6 relate to defendant's conduct toward one of the victims—one for her violation of paragraph (a) and the other for her violation of paragraph (b). Counts 5 and 7 relate to conduct toward the other victim—again, one count each for her violation of both paragraphs.

■ On appeal, defendant contends that the trial court erred in entering those four separate convictions. According to defendant, her convictions on Counts 4 and 6 should merge because they do not constitute separately punishable offenses for the purposes of merger. In essence, she argues that paragraphs (a) and (b) are two different ways to commit the single crime of second-degree robbery. For the same reason, defendant asserts that her convictions on Counts 5 and 7

should also merge. She acknowledges that she failed to make that argument before the trial court, but urges us to address the matter as plain error.

This court has discretion to review an unpreserved claim of error if it is an "error of law apparent on the face of the record." ORAP 5.45(1). An error qualifies as "plain error" if (1) it is an error of law; (2) the legal point is not reasonably in dispute; and (3) the error is apparent on the face of the record. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

Given the Supreme Court's recent decision in *State v. White*, 346 Or 275, 211 P3d 248 (2009), we agree with defendant that the trial court plainly erred. As in this case, *White* involved a defendant who was convicted of two separate counts of second-degree robbery for conduct toward the same victim—one for violation of ORS 164.405(1)(a), that is, for purporting to be armed with a weapon, and the other for violation of ORS 164.405(1)(b), that is, for being aided by another person actually present. *Id.* at 278. The Supreme Court concluded that those convictions should have merged:

> "Paragraphs (a) and (b) of ORS 164.405(1) both address the same coercive effect on the victim of the threat of violence, even though they do so in different ways. The legislature determined that either a purported weapon or the presence of an accomplice, or both, would elevate the crime of third-degree robbery to the crime of second-degree robbery. In our view, the legislature created a single crime of second-degree robbery. The fact that the alternative circumstances that elevate third-degree robbery to second-degree robbery appear in two different paragraphs in ORS 164.405(1) does not make them (or the crime of second-degree robbery) 'two * * * statutory provisions' [within the meaning of Oregon's anti-merger statute]."

*Id.* at 291 (ellipsis in original; footnote omitted).

The Supreme Court's decision in *White* makes clear that, in this case, the trial court erred in failing to merge defendant's convictions on Counts 4 and 6 and her convictions on Counts 5 and 7. The legal point is obvious and not reasonably in dispute. Further, we agree with defendant that it is appropriate to exercise our discretion to correct that error. Those conclusions comport with prior decisions of this

court. *See State v. Camacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009) ("[I]n the past, we have held that 'failure to merge' errors are apparent on the face of the record and have chosen to exercise our discretion to review and correct those errors under ORAP 5.45.").

Convictions for second-degree robbery on Counts 4 through 7 reversed and remanded with instructions to merge the convictions on Counts 4 and 6 into a single conviction for second-degree robbery and to merge the convictions on Counts 5 and 7 into a single conviction for second-degree robbery; case remanded for resentencing; otherwise affirmed.