Submitted May 28, convictions for laundering a monetary instrument on Counts 4, 5, and 6 reversed and remanded with instructions to enter a single conviction reflecting that defendant was found guilty on all three theories and for resentencing; otherwise affirmed June 30, petition for review denied October 7, 2010 (349 Or 171)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIE BANKS, SR.,
aka Willie X. Banks, Sr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
070733542; A138853

234 P3d 1084

Peter Gartlan, Chief Defender, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for one count each of theft in the first degree (Count 1), identity theft (Count 2), and forgery in the first degree (Count 3), and three counts of laundering a monetary instrument (Counts 4, 5, and 6). Defendant advances three arguments on appeal. First, he contends that the trial court erred in entering separate convictions on the money-laundering counts. His second contention is that the court erred in admitting certain evidence over his objection based on OEC 403 that the evidence would unduly prejudice the jury against him. Third, defendant contends that the court erred in instructing the jury that it could convict him based on a nonunanimous verdict. We reject defendant's latter two arguments without discussion and write only to address the issue of merger of the convictions for money laundering; we reverse and remand for merger of those convictions.

ORS 164.170(1) defines the crime of "laundering a monetary instrument," and defendant's three money-laundering counts were based on different paragraphs within that subsection. As we have noted, defendant asserts that the trial court should have merged his convictions on those three counts, because, in his view, those paragraphs simply describe different ways in which a person can commit the single crime of money laundering. He acknowledges that he failed to preserve that claim of error, but urges this court to exercise its discretion to correct it as error "apparent on the face of the record" under ORAP 5.45(1). *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (providing that an error qualifies as error apparent on the face of the record, or "plain error," if (1) it is an error of law; (2) the legal point is not reasonably in dispute; and (3) the court does not have to go beyond the record to identify the error).

The state concedes that defendant's merger argument is correct under ORS 161.067(1), which provides in part that, "[w]hen the same conduct or criminal episode violates *two or more statutory provisions* * * *, there are as many separately punishable offenses as there are separate statutory violations." (Emphasis added.) The state acknowledges that

this court typically exercises its discretion to review and correct such an error as plain error. Furthermore, the state notes that the prosecutor told the court, at sentencing, that the money-laundering counts represented three different theories for how defendant committed a single crime and not three separate crimes.

We agree that the court plainly erred in failing to merge defendant's convictions for money laundering. The error is one of law, is not in dispute, and is apparent on the face of the record. We also agree that it is appropriate to exercise our discretion to correct the error. *See State v. Camacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009) ("[I]n the past, we have held that 'failure to merge' errors are apparent on the face of the record and have chosen to exercise our discretion to review and correct those errors under ORAP 5.45.").

Convictions for laundering a monetary instrument on Counts 4, 5, and 6 reversed and remanded with instructions to enter a single conviction reflecting that defendant was found guilty on all three theories and remanded for resentencing; otherwise affirmed.