Submitted December 2, 2011, reversed and remanded for entry of a judgment reflecting a single conviction for strangulation and enumerating the two alternate theories of conviction, and for resentencing; otherwise affirmed February 1, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTIAN JOSEPH BRAMEL,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0913788; A146355

270 P3d 413

Peter Gartlan, Chief Defender, and Jonah Morningstar, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction for two counts of strangulation, ORS 163.187, and one count of harassment, ORS 166.065. He contends that the trial court committed plain error in failing to merge the two guilty verdicts on the strangulation charges into a single strangulation conviction. *See* ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (the court has discretion to review an unpreserved error of law apparent on the face of the record). The state concedes that the trial court erred and that the case should be remanded for the trial court to "enter a single conviction of strangulation (noting on its face that defendant was convicted of alternate theories)." We agree, accept the state's concession, and conclude that it is appropriate to exercise our discretion to correct the error in this case. *See State v. Camacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009) ("[I]n the past, we have held that 'failure to merge' errors are apparent on the face of the record and have chosen to exercise our discretion to review and correct those errors[.]").

Reversed and remanded for entry of a judgment reflecting a single conviction for strangulation and enumerating the two alternate theories of conviction, and for resentencing; otherwise affirmed.