Argued and submitted March 15, convictions on Counts 2 and 3 reversed and remanded with instructions to enter a judgment of conviction for one count of felony fourth-degree assault and for resentencing; otherwise affirmed April 24, petition for review denied September 12, 2013 (354 Or 148)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SIDNEY VAN NEWTON,
*Defendant-Appellant.*

Lane County Circuit Court
201005395; A146839

300 P3d 286

Joe Metcalfe argued the cause for appellant. On the briefs were Sarah Peterson and Metcalfe & Peterson LLC.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction in which he was convicted of 26 crimes arising from multiple incidents. He raises seven assignments of error. We write to address only defendant's fifth assignment of error and reject without discussion the remaining six.

Defendant argues that the trial court committed plain error when it entered separate convictions for Count 2—fourth-degree assault—and Count 3—felony fourth-degree assault. Prior to sentencing, the state acknowledged that the guilty verdicts in those counts should merge because Count 2 was a lesser-included offense of Count 3, and the trial court agreed. At sentencing, however, the trial court explained that "Count 2 and Count 3 merge for purposes of sentencing[,]" and defendant did not object. Subsequently, the trial court entered separate convictions on both counts and indicated in the criminal judgment that, "for the purpose of imposing sentence[,] *** Count 2 *** merges with Count 3." On appeal, the state again acknowledges that Counts 2 and 3 must merge but argues that the judgment adequately did that. We disagree with the state.

We have previously held that the precise language that the trial court used in its judgment here fails to merge a defendant's guilty verdicts. *See State v. Earls*, 246 Or App 578, 586, 267 P3d 171 (2011) ("The judgment's language which purports to 'merge' those counts '[f]or the purposes of imposing sentence' does not serve to merge defendant's guilty verdicts, and it does not change the fact that the judgment erroneously attributes an additional 12 convictions to defendant." (Alteration in original.)). Accordingly, we conclude that the trial court's failure to merge defendant's guilty verdicts for Counts 2 and 3 constitutes plain error, and, for the reasons stated in *State v. Camacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009), we conclude that it is appropriate to exercise our discretion to correct the error.

Convictions on Counts 2 and 3 reversed and remanded with instructions to enter a judgment of conviction for one count of felony fourth-degree assault and for resentencing; otherwise affirmed.