Submitted February 27; convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of third-degree sexual abuse, otherwise affirmed April 5, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GREGORY GEORGE KELLER,
*Defendant-Appellant.*

### Wasco County Circuit Court
1300231M; A158779

391 P3d 1001

Ernest G. Lannet, Chief Defender, and Andrew D. Robinson, Deputy Public Defender, Criminal Appellate Section, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Shorr, Judge, and Linder, Senior Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for two counts of third-degree sexual abuse involving a single victim. We write to address only defendant's second assignment of error and reject defendant's remaining assignments of error without written discussion.

In his second assignment of error, defendant argues that the trial court plainly erred by failing to merge the guilty verdicts on the two counts of third-degree sexual abuse into a single conviction. The court entered a judgment that appears to enter a conviction on both counts while also stating that the counts "are different theories of the same act and transaction and therefore, merge for sentencing per ORS 161.067." The state concedes that the trial court plainly erred in failing to enter a judgment that merged the counts into a single conviction for third-degree sexual abuse. We agree, accept the state's concession, and conclude that it is appropriate to exercise our discretion to correct the plain error for the reasons stated in *State v. Camacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009). *See also State v. Newton*, 256 Or App 474, 475, 300 P3d 286, *rev den*, 354 Or 148 (2013) (trial court plainly erred by entering a judgment of conviction that merged counts "for the purpose of imposing sentence" because that language fails to merge the guilty verdicts).

Convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of third-degree sexual abuse; otherwise affirmed.