## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMES WOOTEN,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CR23236; A160646

400 P3d 1040

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

### TOOKEY, P. J.

Defendant appeals a judgment of conviction for one count of first-degree robbery (Count 2), four counts of second-degree robbery (Counts 3 through 6), one count of second-degree assault (Count 7), two counts of third-degree assault (Counts 8 and 9), and two counts of coercion (Counts 10 and 11). We write to address only defendant's second assignment of error, in which he argues that the trial court plainly erred by failing to merge the guilty verdicts on Counts 3 and 5, and the guilty verdicts on Counts 4 and 6. We reject defendant's remaining assignments of error related to motions for judgment of acquittal without written discussion.

Defendant was convicted of four counts of second-degree robbery under ORS 164.405, which provides, in part:

"(1)  A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:

"(a)  Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or

"(b)  Is aided by another person actually present."

Counts 3 and 5 related to defendant's conduct toward one victim, under the separate theories of robbery outlined in subsections (a) and (b). Counts 4 and 6 related to defendant's conduct toward a different victim, under the same two theories of robbery. Defendant contends that the trial court erred in entering separate convictions for robberies that were committed against the same victim, in the same incident, but charged under different legal theories.

The state concedes that, under *State v. Behen*, 230 Or App 31, 34-35, 213 P3d 857 (2009), the trial court plainly erred in failing to merge the guilty verdicts on Counts 3 and 5, and on Counts 4 and 6. In *Behen*, the defendant, who was the getaway driver for two individuals who robbed two victims while pretending they were armed, was charged with four counts of second-degree robbery. *Id.* at 33. Two of the counts charged the defendant under different provisions of ORS 164.405, second-degree robbery, for the robbery of the first victim, while the other two counts did the same in

regard to the second victim. *Id.* We held that the "legal point is obvious and not reasonably in dispute" that the trial court erred in failing to merge the guilty verdicts for the robbery of each victim charged under different paragraphs of subsection (1) of ORS 164.405:

> "'Paragraphs (a) and (b) of ORS 164.405(1) both address the same coercive effect on the victim of the threat of violence, even though they do so in different ways. The legislature determined that either a purported weapon or the presence of an accomplice, or both, would elevate the crime of third-degree robbery to the crime of second-degree robbery. In our view, the legislature created a single crime of second-degree robbery. The fact that the alternative circumstances that elevate third-degree robbery to second-degree robbery appear in two different paragraphs in ORS 164.405(1) does not make them (or the crime of second-degree robbery) "two *** statutory provisions" [within the meaning of Oregon's anti-merger statute].'"

*Id.* at 34 (quoting *State v. White*, 346 Or 275, 291, 211 P3d 248 (2009); ellipsis in *White*; brackets in *Behen*). We agree, accept the state's concession, and conclude, like we did in *Behan*, that it is appropriate to exercise our discretion to correct the error.

Convictions on Counts 3 and 5 reversed and remanded for entry of judgment of conviction for one count of second-degree robbery; convictions on Counts 4 and 6 reversed and remanded for entry of judgment of conviction for one count of second-degree robbery; remanded for resentencing; otherwise affirmed.