PER CURIAM
*888 Youth appeals the dispositional judgment in this delinquency case. The juvenile court placed youth on probation and, in response to a request made at the hearing, it included a special term of probation granting the juvenile department authority to impose up to eight days of detention at the department's discretion. Youth contends on appeal that the juvenile court plainly erred by including that special condition of probation. The state concedes that the juvenile court erred and that the error is plain, and it also agrees that we should exercise our discretion to correct it. We agree with and accept the state's concession, and we exercise our discretion to correct the error.
We have held that a juvenile court lacked authority to impose a similar condition. State v. B. H. C. , 288 Or. App. 120, 404 P.3d 1110 (2017). "The text, context, and legislative history of ORS 419C.453 all indicate that the legislature intended to authorize the use of detention to punish a youth for a probation violation only in the manner provided for by that statute," which contemplates a juvenile court hearing and a decision by the juvenile court whether detention is appropriate. Id . at 133, 404 P.3d 1110. We held that it was error to impose a probation condition that "authorizes someone other than the juvenile court to decide whether detention should be used to punish a probation violation, and *** authorizes that decision to be made without a hearing before the court." Id . at 133-34, 404 P.3d 1110.
*252 For an error to constitute plain error, it must be one of law, the legal point must be "obvious, not reasonably in dispute," and it must appear on the face of the record, such that we "need not go outside the record or choose between competing inferences to find it." State v. Brown , 310 Or. 347, 355, 800 P.2d 259 (1990). Although we had not yet decided B. H. C. at the time that the juvenile court imposed the special condition of probation at issue here, we determine whether error is plain based on the law as it exists at the time the appeal is decided, and not as it existed at the time of the ruling being reviewed. State v. Jury , 185 Or. App. 132, 136, 57 P.3d 970 (2002), rev. den. , 335 Or. 504, 72 P.3d 636 (2003). Youth's *889 claim of error satisfies the requirements for plain error review.
Further, we exercise our discretion to correct the error. See Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382, 823 P.2d 956 (1991) (reviewing court must exercise its discretion to review plain error). The state concurs with youth that, "[i]n this case, youth's liberty interest in avoiding unlawful detention is sufficient to warrant this court exercising its discretion to review the error." We agree, and exercise our discretion to correct the error for that reason and because correction will require a minimal amount of resources.
Reversed and remanded with directions to strike the condition authorizing detention at discretion of the juvenile department; otherwise affirmed.