PER CURIAM
*448 Defendant appeals a judgment of conviction for three counts of first-degree burglary (Counts 1, 5, and 6), and three counts of second-degree robbery (Counts 2, 3, and 7). On appeal, defendant argues that the trial court plainly erred in failing to merge the guilty verdicts on Counts 2 and 3 because those second-degree robbery counts were *1125 committed against the same victim based on the same conduct during the same incident, but were charged under different legal theories. See ORS 164.405(1).[1] The state concedes that the trial court plainly erred in failing to merge those counts under the circumstances of this case. See State v. Behen , 230 Or. App. 31, 213 P.3d 857 (2009) (plain error for trial court to fail to merge two counts of second-degree robbery charged under ORS 164.405(1)(a) and (1)(b) for conduct toward the same victim). We agree, accept the state's concession, and conclude that it is appropriate to exercise our discretion to correct that plain error for the reasons stated in State v. Camacho-Alvarez , 225 Or. App. 215, 216, 200 P.3d 613 (2009). Hence, we reverse and remand the convictions on Counts 2 and 3 for the trial court to merge the guilty verdicts on those counts into a single conviction of second-degree robbery.
All that remains is our disposition of the appeal. The state argues that we should reverse and remand only for the trial court to merge the two guilty verdicts and that the error in this case does not require a remand for resentencing. For the reasons stated in State v. Sheikh-Nur , 285 Or. App. 529, 533, 398 P.3d 472, rev. den. , 361 Or. 886, 403 P.3d 767 (2017), we reject that argument and remand for resentencing.
Convictions on Counts 2 and 3 reversed and remanded for entry of judgment of conviction for one count of second-degree robbery; remanded for resentencing; otherwise affirmed.

ORS 165.405(1) provides:
"A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:
"(a) Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or
"(b) Is aided by another person actually present."