Submitted September 6; various counts reversed and remanded with instructions; remanded for resentencing; otherwise affirmed October 30, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER STANLEY WILKERSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR55133; A169573

453 P3d 944

Eric J. Bergstrom, Judge.

Neil F. Byl, Deputy Public Defender, filed the brief for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Hadlock, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 2 and 3 reversed and remanded for entry of one count of first-degree sexual abuse; convictions on Counts 4 and 5 reversed and remanded for entry of one count of first-degree sexual abuse; convictions on Counts 6, 7, 8 and 9 reversed and remanded for entry of one count of first-degree sexual abuse; convictions on Counts 11 and 12 reversed and remanded for entry of one count of second-degree sexual abuse; convictions on Counts 13 and 14 reversed and remanded for entry of one count of second-degree sexual abuse; convictions on Counts 15 and 16 reversed and remanded for entry of one count of second-degree sexual abuse; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for nine counts of first-degree sexual abuse, ORS 163.427 (Counts 1 to 9), six counts of second-degree sexual abuse, ORS 163.425 (Counts 11 to 16), and one count of second-degree attempted rape, ORS 161.405(2)(c) (Count 10), raising eight assignments of error. Those convictions arise out of seven separate criminal episodes with two different victims. In his assignments of error, defendant contends that the trial court plainly erred when it failed to merge certain verdicts under ORS 161.067(3), which states, in part:

> "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, *to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent.*"

(Emphasis added.) Defendant asserts that the record does not contain evidence of a "sufficient pause" in his conduct during those criminal episodes in which the state alleged that he had committed multiple acts of abuse. Specifically, he argues that the record does not reflect a sufficient pause between the acts underlying Counts 2 and 3; Counts 4 and 5; Counts 6 and 7; Counts 6 and 8; Counts 6 and 9; Counts 11 and 12; Counts 13 and 14; and Counts 15 and 16 to justify separate convictions on each of those counts.

The state concedes that the record does not reflect a sufficient pause between the acts underlying the counts that defendant identifies in his assignments of error and that the court plainly erred by not merging the associated verdicts. *See State v. Nelson*, 282 Or App 427, 386 P3d 73 (2016) (guilty verdicts for two counts of first-degree sexual abuse and one count of third-degree sexual abuse merged into one conviction for first-degree sexual abuse when there was no evidence in the record to support trial court's determination that each instance of sexual contact was separated

from other instances of sexual contact by a sufficient pause in the defendant's criminal conduct).

We agree with and accept the state's concession and conclude that it is appropriate to exercise our discretion to correct the plain error. *See State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009) (exercising discretion to correct trial court's plain error in failing to merge verdicts because "the state has no interest in our refusal to do so," we perceive no strategic or tactical reason for defendant not to have raised the issue, and "the ends of justice are served by convicting and sentencing defendant according to the law").

Convictions on Counts 2 and 3 reversed and remanded for entry of one count of first-degree sexual abuse; convictions on Counts 4 and 5 reversed and remanded for entry of one count of first-degree sexual abuse; convictions on Counts 6, 7, 8 and 9 reversed and remanded for entry of one count of first-degree sexual abuse; convictions on Counts 11 and 12 reversed and remanded for entry of one count of second-degree sexual abuse; convictions on Counts 13 and 14 reversed and remanded for entry of one count of second-degree sexual abuse; convictions on Counts 15 and 16 reversed and remanded for entry of one count of second-degree sexual abuse; remanded for resentencing; otherwise affirmed.