Submitted July 20; convictions on Counts 3 and 4 reversed and remanded for entry of judgment of conviction for one count of unlawful possession of methamphetamine, remanded for resentencing, otherwise affirmed August 18, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN RAY DUGGAN,
aka Stephen Duggan, aka Steven Duggan,
*Defendant-Appellant.*

Umatilla County Circuit Court
18CR29454; A170293

493 P3d 578

Jon S. Lieuallen, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Daniel Bennett, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joseph Callahan, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Sercombe, Senior Judge.

PER CURIAM

Convictions on Counts 3 and 4 reversed and remanded for entry of judgment of conviction for one count of unlawful possession of methamphetamine; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction on one count of delivery of methamphetamine within 1,000 feet of a school (Count 1), which was merged with one count of delivery of methamphetamine (Count 2), and two counts of possession of methamphetamine (Counts 3 and 4). He first argues that the trial court erred in denying his motions to controvert and suppress; we reject those arguments without discussion. He also argues that the trial court plainly erred in failing to merge the guilty verdicts on the two counts of possession of methamphetamine into a single conviction. He did not preserve his merger argument, but requests that this court review and correct the error as plain error. ORAP 5.45(1). The state concedes that the trial court plainly erred by failing to merge Counts 3 and 4. We agree with and accept the state's concession. We further conclude that it is appropriate to exercise our discretion to correct the plain error for the reasons stated in *State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009).

Convictions on Counts 3 and 4 reversed and remanded for entry of judgment of conviction for one count of unlawful possession of methamphetamine; remanded for resentencing; otherwise affirmed.