Submitted August 7, reconsideration allowed, former opinion modified and adhered to as modified September 20, 2023

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RAYMOND BLAINE STONE,
*Defendant-Appellant.*

Lane County Circuit Court
20CR64831; A177223

536 P3d 1094

Defendant requests reconsideration of the remedy portion of the Court of Appeals' decision in *State v. Stone*, 326 Or App 200, 532 P3d 90 (2023). In that opinion, the court reversed defendant's conviction for seconddegree assault, ORS 163.175(1)(a), because the evidence was legally insufficient to prove "serious physical injury," and remanded "for further proceedings, which may include a new trial on lesser included offenses that do not require 'serious physical injury.'" Defendant contends that he cannot be retried on the other theory of seconddegree assault, ORS 163.175(1)(b), or for thirddegree assault, ORS 163.165(1)(a), in these circumstances, and he asserts that the proper remedy is to remand with instructions to enter a conviction for fourthdegree assault, ORS 163.160(1)(a). *Held*: The Court of Appeals granted reconsideration and modified its opinion to clarify that defendant may not be retried for thirddegree assault, ORS 163.165(1)(a), which requires "serious physical injury." However, the court rejected defendant's arguments regarding retrial for the other theory of seconddegree assault, ORS 163.175(1)(b).

Reconsideration allowed; former opinion modified and adhered to as modified.

Bradley A. Cascagnette, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, for response.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**AOYAGI, J.**

Defendant requests that we reconsider our decision in *State v. Stone*, 326 Or App 200, 532 P3d 90 (2023), specifically the remedy portion. In *Stone*, we reversed defendant's conviction for second-degree assault, ORS 163.175(1)(a), based on the legal insufficiency of the evidence to prove that crime, and we remanded "for further proceedings, which may include a new trial on other lesser included offenses." *Stone*, 326 Or App at 201. As described below, we grant reconsideration, clarify one aspect of our former opinion, and otherwise adhere to our former opinion.

Defendant was charged with first-degree assault, ORS 163.185, for intentionally causing serious physical injury to G with a dangerous weapon. At trial, the jury was asked to decide whether defendant committed the charged offense or any of four unpleaded lesser included offenses: a nonweapons theory of second-degree assault, ORS 163.175(1)(a) ("[i]ntentionally or knowingly causes serious physical injury to another"); a weapons theory of second-degree assault, ORS 163.175(1)(b) ("[i]ntentionally or knowingly causes physical injury to another by means of a * * * dangerous weapon"); third-degree assault, ORS 163.165(1)(a) ("[r]ecklessly causes serious physical injury to another by means of a * * * dangerous weapon"); or fourth-degree assault, ORS 163.160(1)(a) ("[i]ntentionally, knowingly, or recklessly causes physical injury to another").

The jury found defendant not guilty of first-degree assault, but guilty of the nonweapons theory of second-degree assault. That combination of verdicts means that the jury necessarily found that defendant caused serious physical injury to G but either did not act intentionally or did not use a dangerous weapon. *Stone*, 326 Or App at 213 n 7 (discussing same). The jury did not render verdicts on the other three lesser included offenses.

On appeal, we held that the evidence was legally insufficient to prove "serious physical injury," a required element of the nonweapons theory of second-degree assault. *Id.* at 212. Given the circumstances, we concluded that the appropriate remedy was to "reverse defendant's conviction

for second-degree assault under ORS 163.175(1)(a) and remand for further proceedings, which may include a new trial on lesser included offenses that do not require 'serious physical injury.'" *Id.* at 212-13. Defendant takes issue with that remedy, making two arguments.[1]

*First*, defendant contends that we erred in holding that he may be retried on the weapons theory of second-degree assault, ORS 163.175(1)(b). He argues that the weapons theory of second-degree assault requires that he intentionally caused physical injury to G with a dangerous weapon and that such theory is now foreclosed by the jury's verdict on first-degree assault.[2] We reject that argument. The minimum required culpable mental state for second-degree assault under ORS 163.175(1)(b) is "knowingly," the state requested a "knowing" instruction on that offense, and the trial court instructed the jury that what the state was required to prove was that defendant "knowingly caused physical injury to [G] by means of a dangerous weapon." It is true that the instruction as a whole was inartfully drafted, creating a potential ambiguity (that no one seems to have noticed at the time) as to whether the required mental state was intentional or knowing.[3] Had the jury rendered

---

[1] In their original appellate briefing, neither party addressed the appropriate remedy in the event of reversal. On reconsideration, defendant asks that we remand for entry of a conviction for fourth-degree assault, while the state maintains that the remedy provided in our former opinion is correct.

[2] The first jury necessarily found that defendant either did not act intentionally or did not use a dangerous weapon, so double jeopardy precludes retrial of a lesser included offense that would require both those findings. However, it does not preclude retrial of a lesser included offense that would require only one of those findings, because, as defendant acknowledges, double jeopardy precludes relitigating only those issues that were *necessarily* decided in a prior trial. *See State v. Mozorosky*, 277 Or 493, 499, 561 P2d 588 (1977) ("The crux of the test is whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." (Internal quotation marks omitted.)).

[3] As to the elements of the crime of second-degree assault on a weapons theory, the full instruction given to the jury was as follows:

"Oregon law provides that a person commits the crime of assault in the second degree if the person intentionally causes physical injury to another by use of a dangerous weapon.

"In this case, to establish assault in the second degree, the state must prove beyond a reasonable doubt the following elements:

"(1) The act occurred on or about November 24, 2020; and

a verdict on the weapons theory of second-degree assault, that might raise an interesting question as to how the verdict should be understood for double-jeopardy purposes. The jury did not render a verdict, however, so we do not see how the instructional ambiguity precludes a retrial on second-degree assault, ORS 163.175(1)(b), for knowingly causing physical injury to G by means of a dangerous weapon. Defendant cites no persuasive authority. We therefore reject defendant's first argument.

*Second*, defendant contends that he cannot be retried for third-degree assault, ORS 163.165(1)(a), and that our decision "includes contradictory language" on that point. The state concedes, and we agree, that defendant cannot be retried for third-degree assault. For clarity, we revise our former opinion to address that issue. First, on the top of page 213, we replace the existing sentence to which footnote 7 is attached with this sentence: "It did not address the other lesser-included offenses, nor do its findings foreclose those other theories, except for third-degree assault, which cannot be retried because third-degree assault under ORS 163.165(1)(a) requires proof of 'serious physical injury.'" Footnote 7 remains attached. Second, in the sentence that begins on the last line of page 213 and continues onto page 214, we delete the words "at a minimum" so that the concluding clause reads, "including the weapons theory of second-degree assault."

Reconsideration allowed; former opinion modified and adhered to as modified.

---

"(2) Raymond Blaine Stone knowingly caused physical injury to [G] by means of a dangerous weapon."