270 September 25, 2024 No. 689

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATALIE J. BROOKWELL,
*Defendant-Appellant.*

Coos County Circuit Court
22CR49058; A181049

Richard L. Barron, Senior Judge.

Submitted August 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for second-degree assault, ORS 163.175,[1] assigning error to the trial court's ruling denying her motion for a judgment of acquittal as to the element of physical injury. Defendant committed the assault by stabbing her landlord with a knife after he demanded unpaid rent, causing a quarter- to half-inch wide cut that was closed with glue after the victim declined stitches. Reviewing the facts in the light most favorable to the state to determine "whether any rational trier of fact *** could have found the essential elements of the crime beyond a reasonable doubt," *State v. Lupoli*, 348 Or 346, 366, 234 P3d 117 (2010), we affirm.

To prove that defendant committed second-degree assault, the state was required to show that she caused "physical injury to another by means of a deadly or dangerous weapon." ORS 163.175(1)(b). "Physical injury" is defined, as relevant here, as an "impairment of physical condition." ORS 161.015(7). We have "repeatedly held that cuts and gashes qualify as 'impairment of physical condition' because they disrupt the skin's function of protecting the inner body from infection." *State v. Stone*, 326 Or App 200, 207, 532 P3d 90, *adh'd to as modified on recons*, 328 Or App 203, 536 P3d 1094 (2023) (collecting cases). Indeed, an impairment of a physical condition can include a half-inch bleeding cut on the back of the head, *State v. Hart*, 222 Or App 285, 287, 193 P3d 42 (2008), or a cut that bleeds alongside swelling, even if no medical attention is required, *State v. Staniford*, 332 Or App 203, 208, 548 P3d 855 (2024). Here, defendant caused an injury that bled such that glue was used to close the wound. That injury fits squarely within the context of injuries we have determined constitute an impairment of physical condition.

Affirmed.

---

[1] Defendant was also convicted of unlawful use of a weapon, ORS 166.220, but does not challenge that conviction on appeal.