No. 802 November 6, 2024 105

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. F. P. C.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

D. F. P. C.,
*Appellant.*

Union County Circuit Court
22JU02419; A181502

Thomas B. Powers, Judge.

Submitted May 13, 2024.

Ryan T. O'Connor and Equal Justice Law filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Youth appeals a juvenile court delinquency judgment finding him within the court's jurisdiction based on conduct that, if committed by an adult, would constitute second-degree criminal mischief, ORS 164.354, unlawful entry into a motor vehicle, ORS 164.272, possession of burglar's tools, ORS 164.235, and second-degree criminal trespass, ORS 164.245. At disposition, the state noted that youth had turned 18 during the pendency of the case, and the juvenile court placed youth in jail for 10 days. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). Under ORS 419C.453(2), an adjudicated youth who turns 18 cannot be placed in jail for longer than eight days. We therefore requested supplemental briefing to address whether the juvenile court plainly erred when it placed youth in jail for 10 days. Although the issue is moot, we review it under ORS 14.175. We conclude that the trial court plainly erred. Nevertheless, we decline to exercise our discretion to correct the error because youth, through his attorney, invited it. We therefore affirm.[1]

We begin with the state's argument that the case is moot. "A case becomes moot when a court's decision will no longer have a practical effect on the rights of the parties." *State v. B. Y.*, 371 Or 364, 370, 537 P3d 517 (2023) (internal quotation marks omitted). Here, youth acknowledges that he has completed the jail placement and the juvenile court did not impose probation. "A moot issue may, however, be reviewed when it satisfies the requirements of ORS 14.175 and the court exercises its discretion to consider the moot issue." *State v. J. R.*, 318 Or App 21, 27, 507 P3d 778 (2022). There are three requirements under ORS 14.175: (1) the party had standing to commence the action; (2) the act challenged by the party is "capable of repetition"; and (3) the challenged act is "likely to evade judicial review." ORS 14.175. "When those three requirements are met, the legislature has expressly stated that we may exercise discretion to review the case." *B. Y.*, 371 Or at 371.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

Here, those requirements are satisfied. Certainly, youth had standing to challenge his placement in jail for 10 days, that disposition is capable of repetition in other juvenile delinquency cases, and, given that youth's placement in jail was for a relatively short period of time, the issue is likely to evade judicial review in the future. We further conclude that we should exercise our discretion under ORS 14.175 to address the moot issue. ORS 419C.453 articulates specific requirements for placing an adjudicated youth in a detention facility or a jail. The issue is an important one to address to ensure that there is no repetition of unlawful use of detention for juveniles. *See, e.g.*, *State v. B. H. C.*, 288 Or App 120, 131-33, 404 P3d 1110 (2017) (noting that the "the propriety of ever using detention to punish children" was controversial, and concluding that "the legislature has not authorized detention to punish a youth for a probation violation, except in the manner specifically provided by statute"); *B. Y.*, 371 Or at 372 ("Clarifying the scope of the juvenile court's dispositional authority is important to the public and will have implications for future cases."); *Benjamin v. O'Donnell*, 372 Or 764, 768, ___ P3d ___ (2024) (exercising discretion to address moot issue in part because it "concerns a matter of importance to the courts, the state, defendants, and others involved in criminal cases"). Accordingly, we exercise our discretion to address the issue.

Youth did not object when the juvenile court ordered him placed in jail for 10 days, so he requests plain-error review. An error is plain when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the trial court plainly erred, it is a matter of discretion whether we will correct it. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

Here, we agree with youth that the juvenile court committed plain error. ORS 419C.453(2) expressly provides that a juvenile court's placement of an adjudicated youth who is at least 18 years of age in jail "may not exceed eight days[.]" The legislature "intended to authorize the use of detention to punish a youth *** only in the manner provided for by that statute[.]" *State v. D. R. M.*, 292 Or App 887,

888, 426 P3d 250 (2018) (internal quotation marks omitted). Thus, when the juvenile court ordered youth placed in jail for 10 days, it committed an error of law that is obvious and not reasonably in dispute, and the error is apparent on the face of the record without our having to choose among competing inferences. *Vanornum*, 354 Or at 629.

However, we do not exercise our discretion to correct the plain error. Factors relevant to whether an appellate court properly should exercise its discretion to correct plain error include the nature of the case, the competing interests of the parties, the gravity of the error, and the ends of justice in the particular case. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). "As pertinent to sentencing issues, we also consider whether the defendant encouraged the trial court's imposition of the erroneous sentences, the possibility that the defendant made a strategic choice not to object to the sentences, the role of other sentences in the case, and the interests of the judicial system in avoiding unnecessary repetitive sentencing proceedings." *State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009) (citing *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007)).

In this instance, youth through his counsel encouraged or invited the error. At disposition, the state noted that youth had turned 18 during the pendency of the case and recommended that the court should impose one year of probation. Youth's counsel argued against probation and instead requested an executed sentence for a short period of time, noting that he had expected the state to request a 10-day jail sentence. The state indicated that it did not have "strong feelings" about whether the court should impose probation or a 10-day executed sentence, and the state noted that it sounded like youth was "willing to do" a 10-day sentence.

The court stated that it did not think that juvenile probation was appropriate for youth's circumstances. Accordingly, it imposed a 10-day executed jail sentence with credit for time served, as well as restitution. Taking into account the nature of the case, the interests of the parties and the judicial system, and because youth encouraged or invited the error, we decline to exercise our discretion to correct it.

Affirmed.