852 February 4, 2026 No. 67

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAVIER DE JESUS ANTONIO,
*Defendant-Appellant.*

Yamhill County Circuit Court
22CR45505; A184213

Ladd J. Wiles, Judge.

Submitted December 19, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Reversed and remanded for resentencing.

**KAMINS, J.**

This case concerns a single car rollover crash on a rural highway. Defendant and four others were in the car when it crashed. After a trooper questioned defendant and the other surviving occupants of the car, defendant admitted that he had been driving. As a result, defendant was convicted of eight offenses, including second-degree manslaughter, driving under the influence of intoxicants, reckless driving, third-degree assault, and recklessly endangering another person. Defendant raises four assignments of error. First, defendant argues that the trial court erred by denying defendant's motion to suppress evidence derived from a *Miranda* violation. Second, defendant argues that the trial court erred by denying defendant's motion for judgment of acquittal on third-degree assault against X, one of the passengers, because there was not sufficient evidence to support that X had a serious physical injury. In defendant's third and fourth assignments of error, he contends that the trial court plainly erred by imposing separate convictions for third-degree assault and recklessly endangering. We reverse and remand for resentencing but otherwise affirm.

When police arrived at the accident scene, two occupants of the car, L and X, were in ambulances about to be transported to the hospital. One of the occupants of the car was deceased. Defendant, another occupant of the car, was standing by the side of the road. A fifth occupant was unaccounted for and found shortly after.

Defendant told officers that he had been in the front passenger seat, wearing a seatbelt. Defendant was then told to "go sit in [a patrol] car," while they continued to investigate. Defendant was locked in the back of the patrol car for 17 minutes. When the officers returned to the car, they questioned defendant, and he admitted that he was the driver.

Defendant moved to suppress that statement, arguing that he was under compelling circumstances and was not read his *Miranda* rights prior to answering those questions. The trial court determined that the circumstances were not compelling.

*First Assignment of Error.* Defendant argues that the trial court erred by denying defendant's motion to suppress evidence derived from a *Miranda* violation. We review a trial court's ruling on a motion to suppress for errors of law and are bound by the trial court's factual findings if there is constitutionally adequate evidence to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993).

At issue is whether the circumstances were compelling such that a *Miranda* warning was required. *State v. Roble-Baker*, 340 Or 631, 638, 136 P3d 22 (2006). To determine if circumstances are compelling, we consider several factors: "(1) the location of the encounter; (2) the length of the encounter; (3) the amount of pressure exerted on the defendant; and (4) the defendant's ability to terminate the encounter." *Id.* at 640-41 (internal citations omitted). Those factors are not exclusive, and the "court will consider all the circumstances *** [to determine] whether the officers created the sort of police-dominated atmosphere that *Miranda* warnings were intended to counteract." *Id.* at 641.

The first factor—the location of the encounter—weighs in favor of the state because, although there was significant police presence, the context of the encounter occurring at the scene of a fatal accident rendered the circumstances less coercive. *See State v. Wandle*, 75 Or App 746, 752, 707 P2d 1281 (1985), *rev den*, 300 Or 605, *cert den*, 479 US 888 (1986) ("[A] reasonable person would usually be willing to tolerate more involvement with the police for a serious accident before concluding that he is in custody than he would for a minor accident. An investigation of a serious or fatal accident may be extensive without being criminal.").

Similarly, the length of the encounter, 17 minutes in the car and 40 minutes between when defendant was first questioned and when he was *Mirandized*, is not unreasonable for the investigation of a fatal accident. *See id.* ("[I]n the case of a fatal accident, the same reasonable person would expect to answer more questions and to spend more time with those conducting the on-the-scene investigation."). The amount of pressure exerted also weighs in favor of the state because, although the officers directed defendant to sit in the patrol car, they did so for his safety given the chaotic

scene and his possible injuries, gave him access to his phone during that time, only asked basic clarifying questions about the accident, maintained a polite, nonaggressive tone, and did not confront him with contradicting evidence. *See State v. Downing*, 276 Or App 68, 81, 366 P3d 1171 (2016) (officer asking defendant to sit in patrol car for her protection and asking "basic questions about the accident such as whether [defendant] was the driver, how the accident occurred, and where her car was parked [and] whether she had been drinking or had taken any drugs that day" did not weigh in favor of concluding circumstances were compelling).

As to the fourth factor, defendant's lack of ability to terminate the encounter while he was in the patrol car weighs in favor of defendant. *See State v. Werowinski*, 179 Or App 522, 531, 40 P3d 545, *rev den*, 334 Or 632 (2002) (defendant being locked in patrol car supported compelling circumstances).

Ultimately, because the encounter occurred at the scene of a fatal accident and the officers attempted to lessen the coercive impact of defendant's position, the officers did not create "the sort of police-dominated atmosphere that *Miranda* warnings were intended to counteract." *Roble-Baker*, 340 Or at 641.

*Second Assignment of Error.* Defendant next contends that the trial court erred by denying his motion for a judgment of acquittal on the charge of third-degree assault against a passenger, X, because X did not suffer "serious physical injury." ORS 163.165(1)(a) (third-degree assault requires defendant "[r]ecklessly cause[d] serious physical injury to another by means of a deadly or dangerous weapon"); ORS 161.015(8) ("Serious physical injury" is a "physical injury which creates a substantial risk of death* * *.") Viewing the evidence in the light most favorable to the state, "a rational trier of fact, accepting reasonable inferences and reasonable credibility choices" and relying on common experience, could have determined that, without treatment like the blood pressure medication to reduce risk of hemorrhage, X's injuries, which included a neck fracture and bleeding in the brain, would have progressed to become life threatening and, therefore, that the injury created a

substantial risk of death. *State v. Stone*, 326 Or App 200, 204-05, 532 P3d 90, *adh'd to as modified on recons*, 328 Or App 203 (2023) (no serious physical injury where there was no evidence that the injury would have progressed to the point of creating a substantial risk of death without medical intervention).

 *Third and Fourth Assignments of Error.* In two unpreserved assignments of error, defendant contends that the trial court plainly erred by failing to merge the convictions for third-degree assault and recklessly endangering against L and X. To amount to plain error, they must be "errors of law apparent on the face of the record." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). That means the error must be (1) a legal error, (2) a point of law that is obvious and not reasonably in dispute, and (3) such that the court need not go outside the record or choose between competing inferences to find it. *Id*. A trial court's failure to merge verdicts is a legal error that appears on the face of the record. *See State v. Camacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009) (failure to merge is apparent on the record). At issue is if the legal point is sufficiently obvious and not reasonably in dispute.

 A court may impose separate convictions for the same conduct under different statutory provisions only if each provision requires proof of an element that the others do not. ORS 161.067(1).

 Recklessly endangering another person requires that "the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." ORS 163.195. Assault in the third degree requires that defendant "[r]ecklessly causes serious physical injury to another by means of a deadly or dangerous weapon." ORS 163.165(1)(a). Both recklessly endangering and assault in the third degree require that (1) defendant performed an act; (2) that created a substantial risk of serious physical injury to another person. Only third-degree assault requires additional elements: (3) that defendant's act caused serious physical injury to another person and (4) that the injury was caused by means of a deadly or dangerous weapon.

We exercise our discretion to correct the error. *See Camacho-Alvarez*, 225 Or App at 216-17 (listing considerations for exercise of discretion). Defendant had no strategic reason not to raise the claim; the burden on the judicial system in amending its judgment and resentencing defendant is minimal; and the ends of justice are served by convicting and sentencing defendant according to the law. *Id.* at 217; *see also State v. Steltz*, 259 Or App 212, 221, 313 P3d 312 (2013), *rev den*, 354 Or 840; 355 Or 751 (2014) ("[The state] has no interest in convicting a defendant twice for the same crime.").

Reversed and remanded for resentencing.