***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted July 8, affirmed September 28, 2022

KIETH JAMES BENSON,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
17CV46233; A172242

Dale Penn, Senior Judge.

Tara Herivel and Law Office of Tara Herivel, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In accordance with *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991), and ORAP 5.90, petitioner appeals a judgment denying his petition for post-conviction relief. In that petition, petitioner sought relief from his 2015 conviction for first-degree rape and the life sentence imposed by the sentencing court under ORS 137.719. We review for legal error, accepting the post-conviction court's explicit and necessary implicit factual findings, so long as those findings have evidentiary support. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We affirm.[1]

*ORS 138.640(1) compliance.* Petitioner first contends that the post-conviction court's judgment does not comply with ORS 138.640(1), as construed by the Supreme Court in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010). Our review of the judgment persuades us otherwise.

*Inadequate assistance of counsel claims.* Petitioner next contends that the post-conviction court erred by rejecting a range of claims that trial counsel was inadequate in violation of petitioner's rights under Article I, section 11, of the Oregon Constitution, and ineffective, in violation of petitioner's rights under the Sixth and Fourteenth Amendments to the United States Constitution. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022) (stating legal standards for inadequate and ineffective assistance of counsel claims under state and federal constitutions). We address them in turn.

Petitioner starts by asserting that trial counsel was inadequate and ineffective for not giving him an opportunity to review, and for not discussing with him, a recorded "pretext" phone call and police interview. The post-conviction court rejected that claim based on its factual finding that counsel did review the phone call and interview with petitioner before trial. That factual finding is supported by the record and binds us, precluding a grant of relief on appeal.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

Petitioner also asserts that his trial lawyer was inadequate and ineffective for not adequately advising him regarding his right to testify and the possibility that he could be impeached with prior convictions if he did testify. This contention, too, is foreclosed both by the post-conviction court's supported factual finding that trial counsel credibly testified about the advice she gave petitioner, which included the content that petitioner claims was omitted, and by the court's related finding that petitioner's contrary testimony about counsel's advice was not credible.

Petitioner next contends that trial counsel was inadequate and ineffective for failing to object to, or otherwise refute, the prosecutor's assertion at sentencing that petitioner had sexually abused multiple victims on thousands of occasions. The prosecutor's assertions were based on petitioner's own admissions during polygraph exams, but petitioner asserts that he "wildly exaggerated his prior sexual actions in order to pass the polygraphs." In petitioner's view, counsel should have told the trial court at sentencing that petitioner's polygraph statements had been exaggerations. But, as the post-conviction court concluded, "It would not help [petitioner] to tell [the] court [petitioner] lied on treatment polygraphs." Under those circumstances, counsel's omission to inform the court that petitioner's polygraph statements were not true does not represent a failure to exercise reasonable professional skill and judgment. *See Smith*, 318 Or App at 568 (counsel's performance is constitutionally deficient only if it entails a failure to exercise reasonable professional skill and judgment).

Petitioner further asserts that trial counsel was inadequate and ineffective for failing to argue that, in order to impose the life sentence under ORS 137.719, the fact that petitioner had been convicted and sentenced for felony sex crimes twice before had to be pleaded and proved to a jury. For that argument, petitioner relies on *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). But both of those cases are explicit that the fact of a prior conviction need not be pleaded and proved to a jury before a sentence can be enhanced based on the

prior conviction. *Apprendi*, 530 US at 490; *Blakely*, 542 US at 301. The argument that petitioner proposes that counsel should have made was, therefore, legally unsound; counsel's failure to make it does not represent a failure to exercise reasonable professional skill and judgment.

Finally, petitioner makes five additional arguments as to why his lawyer was inadequate and ineffective: (1) for failing to sufficiently object to a nonunanimous jury verdict; (2) for failing to object enough during jury selection; (3) for failing to object to allegedly biased comments by the prosecutor and judge; (4) for failing to explain that she allegedly lacked experience needed to perform her duties; and (5) for failing to prevent the prosecutor from allegedly harassing petitioner's witnesses. None of those contentions is preserved. Additionally, petitioner's claim that counsel was ineffective for not challenging the nonunanimous jury verdict is foreclosed by *Smith*, 318 Or App at 569-70. There, we rejected the contention that, in a case tried in 2015—like this one—counsel was inadequate and ineffective for failing to argue that nonunanimous jury verdicts were unconstitutional under the Sixth and Fourteenth Amendments, given the controlling United States Supreme Court case law at the time.

*Illegal sentence.* Petitioner next asserts that the trial court in his criminal case imposed an illegal sentence. Under *Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994), and ORS 138.550, as construed in *Palmer*, that claim of trial court error does not supply a cognizable basis for post-conviction relief.

*Nonunanimous jury verdict.* Finally, petitioner makes an unpreserved argument that, under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), his rape conviction must be set aside because it resulted from a nonunanimous jury verdict. That assignment of error is not preserved, and, in all events, it is not plain that the rule in *Ramos* applies retroactively in post-conviction proceedings. That issue is currently before the Oregon Supreme Court on certified appeal in *Huggett v. Kelly*, 368 Or 562, 494 P3d 934 (2021) (order accepting certified appeal), and *Jones v. Brown*, 368 Or 562, 494 P3d 928 (2021) (order accepting certified

appeal). The superintendent argues that plain error review is not available for unpleaded claims in post-conviction proceedings. Because any error is not plain under current law, we do not address the scope of plain error review in post-conviction proceedings.

Affirmed.