Argued and submitted October 3, 2008, affirmed March 11, 2009

**DAVID ALLEN COMPTON,**
*Petitioner-Appellant,*

*v.*

**Robert LAMPERT,**
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
02041929M; A126473

203 P3d 924

Andrew S. Chilton argued the cause for appellant. With him on the briefs was Chilton, Ebbett & Rohr, LLC. David Allen Compton filed the supplemental reply brief *pro se.*

Erin C. Lagesen, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Petitioner appeals an order that denied his ORCP 71 motion to correct a post-conviction judgment. The post-conviction judgment that petitioner sought to correct was entered as a result of an agreement by which petitioner and defendant had settled petitioner's claims for post-conviction relief (PCR). Under the terms of the settlement agreement, petitioner's sentence in an underlying criminal case was reduced from 3,000 months to 200 months of imprisonment. The agreement made no mention of a 120-month term of post-prison supervision (PPS) that had also been imposed as part of petitioner's sentence in the criminal case. Petitioner's ORCP 71 motion sought to correct the post-conviction judgment to confirm that he is not subject to a 120-month term of PPS. The court denied petitioner's motion, and petitioner assigns error to that ruling. We conclude that the settlement agreement modified only the term of petitioner's incarceration and did not modify petitioner's 120-month term of PPS, and accordingly, we affirm.

The facts are undisputed. Petitioner was convicted in Curry County Circuit Court of 29 counts of first-degree rape and 10 counts of first-degree sodomy. On December 15, 1997, the court entered a judgment on those convictions that imposed a sentence totaling 3,000 months of incarceration but that failed to impose a term of PPS. At the request of the Department of Corrections, on January 5, 1998, the court entered an order entitled "Amendment to Judgment" in which the court amended the original judgment to impose a 120-month term of PPS.

Petitioner sought post-conviction relief, alleging, among other claims, that he had received constitutionally inadequate legal representation in his criminal case. Petitioner and defendant agreed to settle petitioner's claims, and the parties executed a settlement agreement that defendant drafted. As relevant here, the agreement provides that, "petitioner's sentence * * * shall be reduced from 3,000 months to 200 months[.]"[1] The agreement also stated that

---

[1] Under the terms of the agreement, petitioner's sentence on Counts 1 and 2 for first-degree rape are 100 months on each count, to be served consecutively, for a

"this judgment shall be nunc pro tunc to the date of the original judgment in Case No. 97CR1047 and all other terms and conditions of the judgment in Curry County Circuit Court Case No. 97CR1047 shall remain in full force and effect. The terms of that judgment (attached hereto) are incorporated herein and have the same force and effect as if they were fully set forth in this Stipulation and Agreement."

The parties attached to the agreement the December 15, 1997, judgment in the criminal case but not the January 5, 1998, amendment to the judgment. Based on the settlement agreement, the post-conviction court entered a judgment in October 2003 that granted post-conviction relief to petitioner. The judgment modified petitioner's sentence and ordered:

"NOW, THEREFORE, IT IS ADJUDGED that petitioner's sentence is and shall be reduced from 3,000 months to 200 months, in the manner provided in the parties' Stipulation and Agreement. In all other respects, the judgment of the Curry County Circuit Court in Case No. 97CR1047 shall remain in full force and effect and the terms of that judgment (attached hereto) are incorporated herein and have the same force and effect as if they were fully set forth in this judgment. Except for the modification of petitioner's sentence, petitioner's Petition for Post-Conviction Relief is denied and this action is dismissed with prejudice with no costs or expenses awarded to any party in this litigation."

Subsequently, petitioner learned that the Department of Corrections believes that he is subject to a 120-month term of PPS on his release from prison. Because he disagrees with that conclusion, petitioner filed an ORCP 71 motion to correct the post-conviction judgment to confirm that his sentence does not include a 120-month term of PPS. Defendant opposed that motion, noting that, under ORS 144.103,[2] the

---

total of 200 months of imprisonment. Petitioner's sentences on the remaining 27 counts of first-degree rape and 10 counts of first-degree sodomy run concurrently with each other and with the sentences on Counts 1 and 2.

   [2] ORS 144.103(1) provides,

      "Except as otherwise provided in ORS 137.765 and subsection (2) of this section, any person sentenced to a term of imprisonment for violating or attempting to violate * * * [one of the listed statutes describing various sexual offenses including, as relevant here, first-degree rape and first-degree

term of PPS that petitioner should have received on his convictions is 140 months.

The post-conviction court denied petitioner's motion to correct the post-conviction judgment. The court reasoned that ORS 144.103 required petitioner to serve a 140-month term of PPS,[3] and that defendant lacked authority to agree to waive PPS as part of a post-conviction remedy. It concluded, however, that it could not modify petitioner's 120-month term of PPS because that was the term imposed in the original amended judgment in petitioner's criminal case. The court entered an order denying petitioner's ORCP 71 motion, concluding that "petitioner's term of post-prison supervision has been and remains 120 months." Petitioner timely filed this appeal, assigning error to the post-conviction court's denial of his ORCP 71 motion.

■　　Generally, we review the denial of an ORCP 71 motion for abuse of discretion. *Montoya v. Housing Authority of Portland*, 192 Or App 408, 417, 86 P3d 80 (2004). That discretion, however, is limited by fixed legal principles. *State ex rel Johnson v. Bail*, 140 Or App 335, 339, 915 P2d 439 (1996), *aff'd*, 325 Or 392, 938 P2d 209 (1997). Here, resolution of this case depends on the interpretation of the parties' settlement agreement.

■　　The parties' settlement agreement provides, in relevant part,

"[P]etitioner's sentence in Case No. 97CR1047 shall be reduced from 3,000 months to 200 months. Petitioner's

---

sodomy,] shall serve a term of post-prison supervision that continues until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

[3] The court based its conclusion on ORS 144.103. Additionally, OAR 213-005-0002(2)(b)(C) (2004) provides that, "[f]or an offender sentenced for sexual offenses subject to ORS 144.103, the period [of PPS] shall be the maximum statutory indeterminate sentence for that violation less the term of imprisonment served." Petitioner was convicted of multiple counts of first-degree rape and first-degree sodomy, both of which are Class A felonies. The maximum indeterminate sentence for a Class A felony is 20 years, or 240 months. ORS 161.605. Petitioner was sentenced to 100 months of imprisonment on each count of which he was convicted. Accordingly, defendant reasoned, and the court agreed, that the correct calculation of petitioner's term of PPS should have been 240 months minus 100 months, yielding a 140-month term of PPS.

sentence on counts 1 and 2, for which petitioner was convicted of Rape in the First Degree, shall be 100 months on each count, pursuant to ORS 137.700, with count 2 running consecutively to count 1, for a total of 200 months.

"* * * * *

"[T]his judgment shall be nunc pro tunc to the date of the original judgment in Case No. 97CR1047 and all other terms and conditions of the judgment in Curry County Circuit Court Case No. 97CR1047 shall remain in full force and effect. The terms of that judgment (attached hereto) are incorporated herein and have the same force and effect as if they were fully set forth in this Stipulation and Agreement."

In petitioner's view, the agreement is unambiguous. Because a criminal sentence includes both a term of incarceration and a term of PPS, and the settlement agreement provides that petitioner's sentence is "reduced from 3,000 months to 200 months * * * for a total of 200 months" and makes no mention of PPS, petitioner contends that the agreement unambiguously provides that his sentence does not include PPS. In defendant's view, the agreement unambiguously modifies *only* petitioner's term of incarceration and makes no mention of PPS because it explicitly left all other terms of petitioner's sentence, including PPS, in place.[4] We agree with defendant.

As used in the settlement agreement, "sentence" unambiguously refers only to petitioner's term of incarceration. The agreement states that "petitioner's sentence * * * shall be reduced from 3,000 months to 200 months." In fact, when the parties entered into the agreement, petitioner's sentence included *both* 3,000 months of incarceration *and* 120 months of PPS. Indeed, in petitioner's first amended petition for PCR, petitioner stated that he "was sentenced to the

---

[4] Petitioner also argues that he is entitled to specific enforcement of his settlement agreement with defendant. Defendant responds that, to the extent that the agreement is interpreted to eliminate the original 120-month term of PPS, it is invalid and cannot be specifically enforced. In defendant's view, the remedy to which petitioner would be entitled if the agreement eliminated PPS is rescission of the agreement rather than enforcement of it. Because we conclude that the agreement did not eliminate the 120-month term of PPS, we do not reach the parties' dispute over enforcement of the agreement.

Department of Corrections for a period of 3,000 months, to be followed by a period of 120 months of [PPS]." Thus, even petitioner referred to being "sentenced" to a term of incarceration, followed by a term of PPS. By referring in the agreement only to the 3,000-month term of petitioner's *incarceration*, it appears that the parties intended to modify only that term. Indeed, if the parties had intended to remove petitioner's term of *PPS*, we would expect the agreement to have explicitly referred to the PPS term, for example, by stating that petitioner's sentence shall be reduced "from 3,000 months' imprisonment and 120 months of PPS to 200 months of imprisonment."

Additionally, the use of "sentence" throughout the agreement also confirms defendant's interpretation. Each time that the term "sentence" is used in the agreement, it is used to refer to a term of imprisonment. The agreement states that "[p]etitioner's *sentence* on counts 1 and 2 * * * shall be 100 months on each count * * * with count 2 running consecutively to count 1, for a total of 200 months." (Emphasis added.) Both of the counts are Class A felonies for which ORS 144.103 requires a term of PPS. Likewise, the agreement also states that

> "there shall be no good time reduction in the 200-month *sentence* * * * [but] if there is a change in the law * * * so that inmates serving existing Measure 11 *sentences* * * * are allowed the opportunity to reduce their *sentences* through 'good time,' then petitioner shall be allowed the same opportunity to reduce his 200-month *sentence* through 'good time.' "

(Emphasis added.) "Good time" reductions affect an inmate's period of incarceration but do not affect the period of PPS. Thus, again, "sentence" refers *only* to the period of incarceration.

Additionally, the agreement specified that

> "all other terms and conditions of the judgment in Curry County Circuit Court Case No. 97CR1047 shall remain in full force and effect. The terms of that judgment (attached hereto) are incorporated herein and have the same force and effect as if they were fully set forth in this Stipulation and Agreement."

The Curry County judgment had been amended to include a 120-month term of PPS, which was "in full force and effect" at the time of the settlement agreement. Petitioner concludes that, because the parties attached only the original judgment to the agreement, the parties intended to eliminate petitioner's PPS term, which was not included in that judgment but had been imposed by the amendment to the judgment. We disagree. Attachment of the original judgment demonstrates that the parties intended to modify only the incarceration sentence in the original judgment, and did not intend to modify the amendment to the judgment that had imposed PPS.

Here, the only reasonable interpretation of the settlement agreement is that the term "sentence" refers to petitioner's term of incarceration. Petitioner's argument is based on the implication that, because PPS is not mentioned in the agreement, it is not imposed. As the post-conviction court correctly concluded, ORS 144.103 requires petitioner to serve a term of PPS. Thus, under petitioner's interpretation of the agreement, the parties would have had to have intended to remove a mandatory term of PPS from petitioner's sentence. Although we assume that the parties *could* have intended that result, petitioner asks us to accept that the parties impliedly did that without expressly referring to petitioner's PPS term. That proposed interpretation requires us to ascribe an intent to the parties to do something that they arguably could not do—remove petitioner's mandatory term of PPS—while contravening the clear terms of the agreement that refer only to petitioner's term of incarceration.

We conclude that the settlement agreement is unambiguous. The reduction that the agreement made in petitioner's sentence refers only to petitioner's term of incarceration, not petitioner's 120-month term of PPS. The post-conviction court did not err in denying petitioner's ORCP 71 motion to correct the post-conviction judgment.

Affirmed.