TERRY ALFRED BALLINGER,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
10037948P; A146788

295 P3d 115

James N. Varner filed the opening brief for appellant. Terry Ballinger filed the supplemental briefs *pro se.*

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the briefs for respondent.

Before Haselton, Chief Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

In this action for post-conviction relief, the post-conviction court granted defendant's motion for summary judgment and entered judgment after petitioner's attorney, without notifying petitioner, informed the court that he would not file a response. Acting for himself under *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991), and ORAP 5.90, petitioner appeals the denial of his motion for relief from the judgment entered against him, brought under ORCP 71 B(1)(a). Petitioner also raises supplemental assignments of error related to the merits of his action for post-conviction relief, specifically, his sentence. For the following reasons, we affirm.

We state the facts relevant to the ORCP 71 motion, which are undisputed. Petitioner was convicted of first-degree sodomy and first-degree sexual abuse. Following his conviction, petitioner filed a petition for post-conviction relief pursuant to ORS 138.510 to 138.680. In his petition, he claimed that his trial counsel was ineffective by failing to investigate his case and interview witnesses. On September 20, 2010, defendant Nooth, the superintendent of the Snake River Correctional Institution, moved for summary judgment on the ground that petitioner could not prove that his trial counsel was inadequate or that petitioner was prejudiced. On September 27, 2010, a week after the filing of the motion, petitioner's post-conviction attorney, Mahony, sent a letter to the post-conviction court informing it that petitioner would not be filing a response to defendant's motion, even though Mahony had not consulted with or informed petitioner about the summary judgment motion. That day, the post-conviction court signed an order in which it noted that petitioner had "not to respond" and granted defendant's motion for summary judgment. On September 28, 2010, the clerk of the court entered the judgment dismissing the action.

On that same day, September 28, petitioner received a letter from Mahony dated September 26. The letter informed petitioner that Mahony was not going to respond to defendant's motion for summary judgment. Approximately one month later, on November 4, 2010, petitioner filed a motion for relief from the judgment with a supporting

memorandum of law, contending that he should be granted relief because Mahony had failed to communicate with him and he had not been provided an opportunity to personally respond to defendant's motion. Petitioner relied on ORCP 71 B(1)(a), which provides that, upon a party's motion,

"and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect * * *. A motion for reasons (a), * * * shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. * * *."

Petitioner also filed an affidavit in support of his motion. In the affidavit, petitioner testified to the sequence of events stated above. He also affirmed that, if he had known about defendant's motion, he would have responded to it. He did not include, with his motion for relief from the judgment, a proposed response to defendant's motion for summary judgment or include any evidence of how his trial attorney in the criminal case was ineffective.

Defendant filed a memorandum in response, arguing that petitioner had not identified a specific ground for relief from the judgment. Defendant did not controvert the salient factual background, namely, that Mahony had not consulted with petitioner and that petitioner was not informed that defendant had filed a summary judgment motion until a judgment had already been entered in defendant's favor. The post-conviction court denied petitioner's motion for relief from the judgment with a handwritten notation of "no legal basis" on petitioner's motion, and petitioner timely appealed.

On appeal, petitioner again asserts that the post-conviction court should have allowed him to respond to the summary judgment motion because Mahony neither consulted with petitioner nor gave him the opportunity to file a *pro se* response before sending his letter to the court. Although petitioner's assignment of error states that the post-conviction court erred in granting summary judgment without allowing him an opportunity to file a response, petitioner's arguments challenge the post-conviction court's

denial of his motion for relief from the judgment. Defendant counters that challenge by asserting that petitioner, through his attorney, had a chance to respond to defendant's summary judgment motion but is bound by his attorney's failure to file a response on his behalf. Defendant relies on the proposition that "professional mistakes, negligence, or inadvertence of an attorney do not constitute the 'mistakes, inadvertence, surprise, or inexcusable neglect' necessary to set aside a judgment" under ORCP 71 B(1)(a), citing *McCarthy v. Oregon Freeze Dry, Inc.*, 158 Or App 654, 658, 976 P2d 566 (1999), *rev'd on other grounds*, 334 Or 77, 46 P3d 721 (2002). Defendant also argues that petitioner was required to provide evidence on the merits of the summary judgment motion when he sought relief from the judgment.

We review the denial of the motion for relief from the judgment for abuse of discretion. *Compton v. Lampert*, 226 Or App 420, 422, 203 P3d 924, *rev den*, 346 Or 589 (2009). By its terms, ORCP 71 B(1) requires that a motion to set aside a judgment for mistake, inadvertence, surprise, or inexcusable neglect be "accompanied by a pleading or motion under Rule 21 A" that "contains an assertion of a claim or defense." A court "abuses its discretion by considering an ORCP 71 B(1) motion that is not 'complete,' that is, that does not contain a responsive pleading[.]" *Dickey v. Rehder*, 239 Or App 253, 259, 244 P3d 819 (2010), *rev den*, 349 Or 664 (2011) (the defendant obtained relief from a default judgment pursuant to ORCP 69 C and ORCP 71 B(1) after submitting a corrected ORCP 71 B(1) motion with a responsive pleading); *see also Duvall v. McLeod*, 331 Or 675, 680, 21 P3d 88 (2001) (holding that a motion under ORCP 71 B(1) must be accompanied by a responsive pleading and that the trial court abused its discretion by setting aside the default judgment without the accompanying pleading). This case, though, concerns a summary judgment motion, not a pleading. *See*, ORCP 13 (defining and describing "pleadings"). Petitioner had earlier filed a pleading, a petition for post-conviction relief, asserting that his trial counsel was ineffective. Rule 71 B(1) is not clear on its face that a response to a summary judgment motion is necessary when moving for relief from the summary judgment.

We assume, without deciding, that the action of petitioner's attorney in essentially conceding the summary judgment motion, without prior consultation with petitioner or even notice to him of the existence of the motion and petitioner's option to submit a response himself, went beyond mere negligence, professional mistake, or inadvertence and was an unauthorized act in breach of duties to his client that could justify the granting of relief from the summary judgment. Despite that assumption, however, we agree with defendant that petitioner was required to provide the post-conviction court with at least some basis for his anticipated response to defendant's summary judgment motion when petitioner sought relief from the judgment under ORCP 71 B(1)(a). We so conclude based on case law construing the statutory antecedent to ORCP 71 B, *former* ORS 18.160 (1979), *repealed by* Or Laws 1981, ch 898, § 53, and the commentary to the rule by the Council on Court Procedures.

*Former* ORS 18.160 provided, in full, that "[t]he court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." That statute was repealed and replaced by ORCP 71, promulgated by the Council on Court Procedures, in 1980. *See* Or Laws 1981, ch 898, §§ 1, 53. The commentary to ORCP 71 explains that the rule is intended to provide a comprehensive procedure for vacating a judgment by motion to replace *former* ORS 18.160; however, ORCP 71 B(1) "uses the same motion procedure as ORS 18.160." Commentary to Council on Court Procedures Oregon Rules of Civil Procedure and Amendments, Rule 71, 33 (Dec 1980). According to the commentary, under ORCP 71 B(1), "the party who makes the motion must demonstrate that a claim or defense is being asserted and that *vacation of the judgment would not be a waste of time.*" *Id*. at 33 (emphasis added).

Although the terms of ORCP 71 B(1)(a) are unclear concerning its operation in the context of a summary judgment, the requirement to show some basis for further litigation applied to motions under *former* ORS 18.160 in which a party sought relief from a summary judgment. Under *former* ORS 18.160, a party seeking relief from a

summary judgment was not only required to establish that the judgment taken against that party was due to mistake, inadvertence, surprise, or excusable neglect; the party also had to controvert the motion for summary judgment. *Fogdall v. Lewis & Clark College*, 38 Or App 541, 549, 590 P2d 775 (1979). In that case, after the defendant filed an answer and the plaintiff filed a reply to the answer, the defendant moved for summary judgment, which the trial court granted. The plaintiff then argued that, through "mistake, inadvertence, surprise or excusable neglect" of his law firm, he should be allowed to file an amended reply. The trial court denied the motion for relief.

On appeal, we concluded that, to justify relief, the plaintiff had to demonstrate that his amended reply would have raised a genuine issue of material fact for trial. We observed that the plaintiff "did not specify in his motion for leave to submit additional affidavits whose affidavits he intended to submit or what those affidavits would show," *id.*, and that the plaintiff "made no claim at that time that the state of the record was other than it should have been," *id.* at 550. Thus, we held that it was within the trial court's discretion to deny the motion for relief. *Id.* In light of the commentary concerning ORCP 71 B(1) and our prior case law, we conclude that petitioner was required to address the merits of defendant's summary judgment motion when he sought relief from the judgment and to demonstrate that he had a colorable response to the motion. *See Bella v. Aurora Air, Inc.*, 279 Or 13, 17-18, 566 P2d 489 (1977) (the form of the meritorious defense is not the deciding factor, but rather whether the trial court is satisfied that there are in fact substantial issues to be decided that require setting aside the judgment and reopening the case).

Accordingly, we must decide whether petitioner presented a plausible response to defendant's summary judgment motion along with the basis for relief under ORCP 71 B(1)(a). When responding to a motion for summary judgment, the adverse party has the burden of producing evidence on any issue raised by the motion for summary judgment. ORCP 47 C. Petitioner submitted a memorandum of law in support of his motion to set aside the judgment and argued that there are issues of material

fact concerning whether his trial attorney was ineffective. However, petitioner relied solely on the allegations in his post-conviction-relief petition and did not attach any evidence, *i.e.*, affidavits, declarations, deposition testimony, or exhibits, to demonstrate that his attorney was ineffective, or describe the evidence that he would produce, should the court grant relief from the judgment. Therefore, we cannot say that the post-conviction court abused its discretion in denying petitioner's motion.

Affirmed.