Submitted June 12, 2020, reversed and remanded April 7, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAIN ROGER YOTHER,
*Defendant-Appellant.*

Marion County Circuit Court
18CR76331; A170225

484 P3d 1098

Susan M. Tripp, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Egan, Chief Judge, and Shorr, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Defendant was convicted by jury verdict of felon in possession of a firearm, ORS 166.270. Although he raised no issue in his opening brief on appeal, *see State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991), in a supplemental brief, he asserts that the trial court erred in instructing the jury that it could return a nonunanimous verdict. Defendant excepted to that instruction and asked that the jury be instructed that it needed to be unanimous. After the jury returned a guilty verdict, the court asked defense counsel if he wished to poll the jury, and counsel declined. As the state acknowledges, the trial court's instruction to the jury was erroneous under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), in which the court held that nonunanimous jury verdicts violate the Sixth Amendment to the United States Constitution. The state suggests, however, that this was not reversible error because "defendant failed to make a sufficient record to show that he actually was prejudiced by the instructional error," given that he did not have the jury polled. In this case, defendant preserved his claim of error by objecting to the erroneous instruction. This case is not, as the state suggests, controlled by *State v. Dilallo*, 367 Or 340, 345-46, 478 P3d 509 (2020), in which the court concluded that although the trial court plainly erred in giving a nonunanimous jury instruction, it would not address the error as plain error where the defendant did not object to the jury instruction and the jury was not polled. Rather, as we explained in *State v. Scott*, 309 Or App 615, 620-21, 483 P3d 701 (2021), when the unanimous verdict instruction issue has been preserved and the erroneous instruction given, it is then incumbent on the party receiving the benefit of the constitutional error—the state—to demonstrate harmlessness beyond a reasonable doubt. In this situation, the burden is not on defendant to demonstrate that the error was harmful, but on the state to demonstrate that the error was harmless beyond a reasonable doubt. *Id.* at 617-18 (citing cases concerning federal constitutional error standard). Given the lack of a jury poll in this case, the state is unable in the present case to demonstrate that the error was harmless beyond a reasonable doubt.

Reversed and remanded.