No. 350          May 30, 2024          765

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SARAH BRAUSEN,
*Petitioner-Appellant,*

*v.*

Nichole BROWN,
Superintendent,
Coffee Creek Correctional Facility,
*Defendant-Respondent.*

Washington County Circuit Court
21CV19834; A181078

Patricia A. Sullivan, Senior Judge.

Submitted April 16, 2024.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals from a judgment denying post-conviction relief. Her appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Petitioner entered guilty pleas to first-degree burglary and first-degree forgery, and she was ordered to pay restitution in the amount of $13,668.57, joint and several with her codefendant. Petitioner sought post-conviction relief arguing, among other things, that she was denied effective assistance of counsel because her attorney failed to object to an unreasonable amount of restitution and failed to inform petitioner that she could object to the amount. However, in the post-conviction court, petitioner's trial counsel submitted an affidavit stating that, prior to pleading guilty, trial counsel discussed with petitioner all aspects of the stipulated settlement, including the restitution amount, and that he advised petitioner of her right to contest the amount. The post-conviction court denied the petition.

Having reviewed the record, including the trial court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).