478 June 26, 2024 No. 435

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT LLOYD FLEETWOOD,
aka Bobby Joe Fleetwood, aka Robert Loyd Fleetwood,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR38722; A180937

Jon S. Lieuallen, Judge.

Submitted May 13, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma McDermott, Deputy Defender, Oregon Public Defense Commission, filed the brief for appellant.

Jennifer S. Lloyd, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals from a judgment revoking probation and imposing a sentence of 18 months in prison. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In August 2021, defendant pleaded guilty to unlawful possession of methamphetamine, ORS 475.894(2)(b). He was sentenced to 24 months of supervised probation. In February 2023, the state moved for an order to show cause why defendant's probation should not be revoked for failing to obey all laws. In March 2024, the trial court heard testimony from a number of witnesses, including defendant, regarding the circumstances of his arrest for assault and failure to perform the duties of a driver. The trial court found that defendant failed to obey all laws, revoked probation, and sentenced defendant to 18 months in prison.

Having reviewed the record, including the trial court file and the transcript of the hearings, and having reviewed the *Balfour* brief, and taking into account our statutorily circumscribed authority to review, *see* ORS 138.105, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).