496 June 26, 2024 No. 442

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LEVI DANE SIMMONS,
*Petitioner-Appellant,*

*v.*

JAMIE MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
21CV29991; A180738

J. Burdette Pratt, Senior Judge.

Submitted May 13, 2024.

Jason Weber and O'Connor Weber LLC filed the brief for appellant. Section B of the brief was prepared by appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals from a judgment denying him post-conviction relief. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B, in which petitioner raises assignments of error relating to the post-conviction court's denial of motions filed pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966). The superintendent filed an answering brief responding to those arguments. Reviewing under ORAP 5.90(3) for "arguably meritorious issues," we affirm.[1]

Defendant was charged with seven counts of encouraging child sexual abuse (ECSA) in the first degree, 19 counts of ECSA in the second degree, and five counts of encouraging sexual assault of an animal. Petitioner pleaded guilty to six counts of first-degree ECSA, four counts of second-degree ECSA, and the other charges were dismissed. The parties stipulated to an upward departure sentence of 36 months in prison on each of the first-degree ECSA counts, and to an upward departure sentence of 21 months in prison on the second-degree ECSA counts, with all counts to run consecutively. The trial court accepted petitioner's plea, accepted the stipulated sentence, and sentenced petitioner to 300 months in prison.

In the post-conviction court, petitioner argued that he received ineffective assistance of counsel. Petitioner filed two *Church* motions. After holding a *Church* hearing, the post-conviction court denied the motions. The post-conviction court also denied petitioner's motion for a replacement attorney. After a hearing on the petition for post-conviction relief, the court denied relief, determining that petitioner failed to establish that he received ineffective assistance of counsel. The post-conviction court was not persuaded that trial counsel failed to exercise reasonable professional skill and judgment, and petitioner failed to show prejudice.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

Having reviewed the record, including the trial court file and the transcript of the hearings, and having reviewed the *Balfour* brief, including the arguments in Section B of the brief and the superintendent's response to those arguments, we have identified no arguably meritorious issues.

Affirmed.