484 June 26, 2024 No. 438

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KENNETH JAMES MORGAN,
aka Kenneth J. Morgan,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV48768; A181820

Claudia M. Burton, Judge.

Submitted May 13, 2024.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals from a judgment denying him post-conviction relief. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

A jury convicted petitioner of first-degree robbery, ORS 164.415 (Count 1), unlawful use of a weapon, ORS 166.220 (Count 2), second-degree robbery, ORS 164.405 (Count 3), first-degree burglary, ORS 164.225 (Count 4), unlawful use of an electrical stun gun, tear gas or mace in the second degree, ORS 163.212 (Count 5), and fourth-degree assault, ORS 163.160 (Count 6). Petitioner was sentenced to the mandatory minimum term of 90 months in prison for first-degree robbery, to a consecutive term of 38 months in prison for first-degree burglary, and the trial court sentenced petitioner to concurrent terms on the other counts.

In the post-conviction court, petitioner argued that he received ineffective assistance of counsel because trial counsel failed to object to a jury instruction providing that the verdict could be nonunanimous, and he argued that trial counsel failed to poll the jury. Petitioner also argued that trial counsel failed to withdraw and failed to argue or preserve the issue of whether two verdicts should have been merged. The post-conviction court denied relief finding, among other things, that the record indicated that the jury's verdicts were unanimous, that the record did not support petitioner's claim that he asked trial counsel to withdraw, and the post-conviction court also determined that the verdicts on two counts could not be merged.

Having reviewed the record, including the trial court file and the transcript of the hearings, and having reviewed the *Balfour* brief, the post-conviction court's findings are supported by the record, and we have identified no arguably

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

meritorious issues with respect to the post-conviction court's denial of the petition.

Affirmed.