482 June 26, 2024 No. 437

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KEVIN WAYNE KELLEY,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV35701; A181587

Joanna A. Marikos, Judge.

Submitted May 13, 2024.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals from a judgment granting summary judgment and dismissing his amended petition for post-conviction relief. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In 1998, petitioner was charged with 25 counts, including charges of rape, sodomy, and sexual abuse, and a jury returned verdicts of guilty on all 25 counts. Petitioner was sentenced to a total of 640 months in prison.

In the post-conviction court, petitioner argued that the trial court's jury instruction, which allowed for conviction by nonunanimous jury verdict, constituted structural error. He also argued that he received ineffective assistance of counsel because trial counsel did not object to the jury instruction on nonunanimous verdicts. The superintendent filed a motion for summary judgment, pointing out, among other things, that each count of conviction was the result of a unanimous jury verdict. The post-conviction court granted the superintendent's motion and dismissed the amended petition.

Having reviewed the record, including the trial court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).