No. 465 July 3, 2024 611

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DONALD W. HAMILTON,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV35970; A180755

J. Burdette Pratt, Judge.

Submitted April 16, 2024.

Jason Weber and O'Connor Weber LLC filed the brief for appellant. Section B of the brief was prepared by appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals from a judgment denying his amended petition for post-conviction relief. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B. *See* ORAP 5.90(1)(b). The superintendent filed an answering brief responding to the arguments raised in Section B, and petitioner filed a *pro se* reply brief. Reviewing under ORAP 5.90(3) for "arguably meritorious issues," we affirm.[1]

A jury found petitioner guilty of first-degree sodomy and first-degree sexual abuse. The trial court imposed mandatory minimum sentences of 300 months in prison on both counts to be served concurrently. Petitioner appealed and we affirmed without opinion. *State v. Hamilton*, 256 Or App 761, 302 P3d 1218, *rev den* 354 Or 490 (2013). Petitioner sought post-conviction relief, and we affirmed the post-conviction court's denial of that relief. *Hamilton v. Nooth*, 288 Or App 702, 406 P3d 238 (2017), *rev den*, 362 Or 699 (2018). Petitioner sought habeas corpus relief in federal court, but the district court denied relief, and the Ninth Circuit affirmed. *Hamilton v. Miller*, No. 21-35326, 2022 WL 1223994 (9th Cir Apr 26, 2022) (nonprecedential memorandum disposition).

Petitioner filed a second petition for post-conviction relief in October 2020, and an amended petition in August 2021, arguing that trial counsel failed to inform him of a plea offer of 150 months in prison, and that he first became aware of the offer during his federal habeas corpus case. Based on trial counsel's alleged failure to convey the plea offer, petitioner argues that he received ineffective assistance of counsel. The post-conviction court denied the petition determining, among other things, that petitioner's claim that his trial attorney did not make him aware of the offer was not credible.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

Having reviewed the record, including the trial court file and the transcript of the hearings, and having reviewed the *Balfour* brief, including petitioner's arguments in Section B of the brief, the superintendent's response, and petitioner's reply, we have identified no arguably meritorious issues.

Affirmed.