14                          July 24, 2024                         No. 508

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY JOSEPH THOMPSON,
*Defendant-Appellant.*

Yamhill County Circuit Court
23CR06424, 21CN05720, 21CR38690, 21CR58821;
A181132 (Control), A181320, A181321, A181322

Ladd J. Wiles, Judge. (Case No. 23CR06424-Second Amended Judgment entered March 28, 2023)

Jennifer K. Chapman, Judge. (Case No. 21CN05720, Judgment entered April 14, 2023; Case No. 21CR38690, Judgment entered April 13, 2023; Case No. 21CR58821, Judgment entered April 13, 2023)

Submitted June 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Jennifer S. Lloyd, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In this consolidated appeal, defendant appeals a judgment of conviction and three probation violation judgments. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In March 2023, defendant pleaded guilty to conspiracy to commit theft in the first degree, ORS 161.450, and violating a stalking protective order, ORS 163.750. *See* Case No. 23CR06424. The trial court placed defendant on supervised probation for 24 months. However, defendant subsequently admitted to three probation violations, and he was sentenced to 15 days in jail for each of the violations, to run consecutively, with early release for inpatient treatment at the discretion of the probation officer. *See* Case Nos. 21CN05720, 21CR38690, and 21CR58821.

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, and taking into account our statutorily circumscribed authority to review, *see* ORS 138.105, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).