198 September 25, 2024 No. 675

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CODY DANIEL DAILY,
*Defendant-Appellant.*

Lane County Circuit Court
23CR51412, 22CR54196, 23CR24856;
A182853 (Control), A182854, A182855

Charles M. Zennaché, Judge.

Submitted August 9, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this consolidated appeal, defendant appeals judgments of conviction in three cases. In Case No. 22CR54196, defendant pleaded guilty to aggravated theft in the first degree, ORS 164.057. In Case No. 23CR24856, defendant pleaded guilty to felon in possession of a firearm, ORS 166.270(1), and theft in the first degree, ORS 164.055. In Case No. 23CR51412, defendant pleaded guilty to criminal mischief in the second degree, ORS 164.354. The trial court sentenced defendant to a total of 60 months in prison.

Defendant's appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B, in which defendant argues, among other things, that he was denied his right to counsel and forced to proceed *pro se*. The state filed an answering brief responding to defendant's arguments. Reviewing under ORAP 5.90(3) for "arguably meritorious issues," we affirm.[1]

Over the course of almost a year, defendant was represented by three experienced criminal defense attorneys, and he had problems with each of them. After the trial court denied defendant's request for a fourth attorney, defendant waived his right to counsel but later attempted to withdraw that waiver. After reopening the hearing on defendant's request for representation, the trial court found that defendant had "implicitly waived his right to court appointed counsel," and "that, based on the timing of the four motions and the lack of coherent reason for his request, [d]efendant was primarily motivated by a desire to avoid going to trial. The Court finds that appointing a fourth counsel for [d]efendant a week prior to trial would necessitate yet another postponement and that is [d]efendant's primary goal." Defendant continued to request representation, but the trial court did not appoint new counsel, and defendant accepted a plea offer resolving three of the cases pending against him without the advice of counsel.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

Defendant did not enter a conditional plea reserving his right to challenge the trial court's order finding that he had waived his right to counsel and its refusal to appoint a fourth attorney. As a result, we have no authority to reach the question of whether the trial court erred in finding that defendant waived his constitutional right to counsel and in requiring defendant to proceed *pro se*. *See* ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]").

Although we have no authority to reach the issue, defendant may not be without recourse to raise the issue of whether there was a violation of his constitutional right to counsel. *See* ORS 138.530.

Affirmed.