788 October 30, 2024 No. 784

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CRESENCIO GARCIA-ROCIO,
*Defendant-Appellant.*

Washington County Circuit Court
C122303CR; A184122

Rebecca D. Guptill, Judge.

Submitted September 13, 2024.

Frances J. Gray filed the brief for appellant.

Jennifer S. Lloyd, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals an amended judgment of conviction. Defendant's appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

After a jury trial in 2013, defendant was found guilty of multiple sex crimes, but the verdicts on many of the counts were nonunanimous. In *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires that a jury reach a unanimous guilty verdict to convict a defendant of a crime.

Pursuant to *Watkins v. Ackley*, 370 Or 604, 607, 523 P3d 86 (2022), which held that *Ramos* applies retroactively, the post-conviction court entered a stipulated general judgment vacating the convictions that were based on nonunanimous verdicts. On remand, the trial court entered a judgment of conviction for three counts of first-degree sexual abuse. The trial court sentenced defendant to 180 months in prison and 10 years of post-prison supervision. The trial court subsequently amended the judgment to clarify that defendant would receive credit for time served.

Having reviewed the record, including the trial court file, the post-conviction court file, the transcript of the hearings, and the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).