No. 778          October 30, 2024          775

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

HILMI HAMMAD ELADEM,
*Petitioner-Appellant,*

*v.*

Josh HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
20CV24483; A181452

Jodie A. Bureta, Judge.

Submitted September 13, 2024.

Jason Weber and Equal Justice Law filed the brief for appellant. Section B of the brief was prepared by appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals from a judgment denying him post-conviction relief. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In 2014, petitioner was convicted of multiple sex crimes and sentenced to 930 months in prison. In the post-conviction court, relying on *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner argued that his due process rights were violated because his jury instructions allowed for nonunanimous verdicts. However, the verdicts in petitioner's case were unanimous. In the post-conviction court, the superintendent moved for summary judgment. The post-conviction court granted the motion and entered a general judgment dismissing the petition.

On appeal, in Section B of his brief, petitioner renews his challenge to the jury instructions, and he also argues that his trial counsel was ineffective. Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, including the arguments in Section B, and the superintendent's response to those arguments, we have identified no arguably meritorious issues. *See State v. Flores Ramos*, 367 Or 292, 333-34, 478 P3d 515 (2020) (concluding that, as to unanimous guilty verdicts, the trial court's instruction to the jury that it could return nonunanimous guilty verdicts was harmless beyond a reasonable doubt); *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815, *rev den*, 371 Or 476 (2023) ("[P]ost-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief."); *Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (holding that defense counsel's pre-*Ramos* failure to object to nonunanimous jury

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

instructions did not constitute a failure to exercise reasonable professional skill and judgment).

Affirmed.