No. 67          January 29, 2025          585

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. C. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. M.,
*Appellant.*

Coos County Circuit Court
24JU02081
A184942 (Control)

In the Matter of L. L. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. M.,
*Appellant.*

Coos County Circuit Court
24JU02082; A184943

In the Matter of E. L. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. M.,
*Appellant.*

Coos County Circuit Court
24JU02083; A184944

In the Matter of A. D. M.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. M.,
*Appellant.*

Coos County Circuit Court
24JU02084; A184945, A184942

Matthew P. Muenchrath, Judge.

Submitted December 13, 2024.

G. Aron Perez-Selsky filed the brief for appellant.

Inge D. Wells, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this consolidated appeal, father challenges a judgment denying his motion to set aside a jurisdictional judgment concerning his four children. Father's appointed counsel filed a brief pursuant to ORAP 5.90(4) and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In April 2024, the Department of Human Services (DHS) filed petitions for jurisdiction concerning father's four children. Father appeared for a shelter hearing and a settlement conference, but he failed to appear for trial. The juvenile court allowed DHS to proceed with a *prima facie* case. The children's mother entered admissions and the juvenile court found the four children to be within its jurisdiction. Father's trial attorney filed a motion to set aside the judgment of jurisdiction based on excusable neglect, but father failed to appear for the hearing on the motion. The juvenile court denied the motion. Having reviewed the record, including the juvenile court file, the transcript of the hearings, and the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).