248 February 26, 2025 No. 156

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

HANS ROBERT EATON,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
21CV14735; A183536

J. Burdette Pratt, Senior Judge.

Submitted January 10, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals from a judgment denying his amended petition for post-conviction relief. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

After a hit-and-run collision, petitioner was charged with various offenses, including second-degree assault, failure to perform the duties of a driver, driving under the influence of intoxicants, and reckless driving. Before trial, defendant pleaded guilty to the charges and the trial court sentenced him to 82 months in prison.

In seeking post-conviction relief, petitioner argued that he received ineffective assistance of counsel and that his guilty pleas were not knowing, voluntary, or intelligent. The post-conviction court denied petitioner's claims determining, among other things, that petitioner failed to prove that his trial counsel was dilatory in pursuing plea negotiations, any misunderstanding about petitioner's trial date did not adversely affect petitioner's case or his trial counsel's ability to adequately represent him, and petitioner did not show that his trial counsel failed to exercise reasonable professional skill and judgment. In addition, petitioner failed to show that his pleas were not knowing, voluntary and intelligent.

Having reviewed the record, including the post-conviction court file, the transcript of the hearings, and the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.  *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).