No. 287          April 2, 2025          455

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DESHAUN DOMINIQUE MARCEL,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV07962; A182745

J. Burdette Pratt, Senior Judge.

Submitted January 10, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals from a judgment denying his amended petition for post-conviction relief. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Based on evidence that defendant violently raped and sodomized his cousin, the state charged defendant with multiple sex crimes. In November 2019, the trial court entered a judgment of conviction after defendant pleaded no contest to first-degree rape, two counts of first-degree sodomy constituting domestic violence, first-degree sexual abuse constituting domestic violence, and strangulation constituting domestic violence. The trial court sentenced defendant to 180 months in prison.

In seeking post-conviction relief, petitioner argued that he received ineffective assistance of counsel. The post-conviction court determined that petitioner did not show that his trial counsel failed to exercise reasonable professional skill and judgment or that petitioner suffered prejudice. Petitioner claimed, for example, that trial counsel told him that his sentence would likely be 90 months. The post-conviction court found that the claim was not credible because petitioner had authorized trial counsel to make a 140-month offer to the state, which was met with a counter-offer of 160 months.

In Section B of his brief, petitioner raises arguments relating to the denial of his motion filed pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966). In his motion, which was filed after the post-conviction trial, petitioner sought to raise claims relating to DNA evidence. After a hearing, the post-conviction court denied the motion as untimely.

Having reviewed the record, including the post-conviction court file, the transcript of the hearings, the

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

*Balfour* brief, the arguments in Section B of the brief, and the state's response to those arguments in its answering brief, we have identified no arguably meritorious issues.

Affirmed.