462 April 2, 2025 No. 290

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. R.,
*Appellant.*

Deschutes County Circuit Court
21JU00948; A186036 (Control)

In the Matter of D. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. R.,
*Appellant.*

Deschutes County Circuit Court
21JU00949; A186037

Bethany P. Flint, Judge.

Submitted February 14, 2025.

G. Aron Perez-Selsky filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this appeal, Case No. A186036, mother challenges a judgment establishing guardianship over her child, R. R. In a separate appeal, Case No. A186037, mother challenges a judgment establishing guardianship over her second child, D. R. On our own motion, we consolidate the cases for purpose of appeal. ORAP 2.30. In each of the cases, mother's appointed counsel filed briefs pursuant to ORAP 5.90(4) and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The briefs do not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In February 2021, the Department of Human Services (DHS) filed dependency petitions concerning mother's two children, and, in June 2021, the juvenile court found that the children were within its jurisdiction. In May 2023, the juvenile court held a permanency hearing to consider changing the plan for the two children from reunification to guardianship, and mother failed to appear at the hearing. The juvenile court entered permanency judgments changing the plan for each child. Almost a year later, mother sought to change the plan back to reunification, but her trial counsel later withdrew the request due to mother's failure to maintain contact. The juvenile court rescheduled the hearing, but mother failed to appear. Mother also failed to appear at the October 2024 hearing on DHS's motion to establish guardianship over the two children pursuant to ORS 419B.366.

Having reviewed the record in the two cases, including the juvenile court files, the transcripts of the hearings, and the *Balfour* briefs, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).